**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 818-907-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorney for Plaintiff Nicholaus Fischer*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NICHOLAUS FISCHER,<br><br>　　　　Plaintiff,<br>　vs.<br><br>SUNTRUST MORTGAGE, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INC.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.];<br><br>2. THE FAIR DEBT COLLECTION PRACTICES ACT [15 USC 1692 et. seq.] |

## **INTRODUCTION**

1. Nicholaus Fischer ("Plaintiff") bring this action to secure redress from SunTrust Mortgage, Inc. ("SunTrust"), Trans Union LLC ("TransUnion"), Experian Information Solutions Inc. ("Experian"), and Equifax Inc. ("Equifax") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and their

COMPLAINT　　　　　　　　　　　　　　　1

agents for their illegal reporting on Plaintiff's credit reports and in their illegal efforts to collect an alleged consumer debt from Plaintiff.

## PARTIES

2. Plaintiff Nicholaus Fischer is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently reside in:  Maricopa County, Arizona.

3. Defendant, SunTrust is a mortgage company that offers servicing, origination, and transaction-based real estate services, including homeowners, home buyers, home sellers, investors, and other real estate market participants. SunTrust's main office is located in Richmond Virginia and regularly transacts business throughout the United States including Arizona and can be served through its registered agent Corporation Service Company located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

4. SunTrust engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  In addition, SunTrust engages in the practice of collecting debt as defined in 15 U.S.C. 1692a(6).

5. TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5).  On information and belief, TransUnion is regularly

COMPLAINT                                              2

engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

6. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

7. Defendant, Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

COMPLAINT                                                        3

8. On information and belief, TransUnion, Experian, and Equifax disburse the *consumer reports* to third parties under contract for monetary compensation.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **JURISDICTION**

10. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681 and 15 U.S.C. 1692.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Because Defendants transact business here, personal jurisdiction is established.

## **FACTUAL ALLEGATIONS**

12. In or around January 2007 Plaintiff purchased a home located at 7315 E. Northland Drive #4 B5, Scottsdale, Arizona 85251 (hereinafter the "Property").

13. Shortly after Plaintiff purchased the property the United States real estate market crashed along with many financial institutions causing severe hardship on many Americans including Plaintiff.

14. Plaintiff continued to make his mortgage payment throughout 2007, 2008, and 2009 despite the fact that the home was significantly under water.

15. The mortgages used by Plaintiff to purchase the home were provided by Crestar Mortgage and totaled over $250,000.00 between the first and second mortgages.

16. The mortgages were used to purchase the home and therefore are considered "Purchase Money" and subject to Arizona Anti-Deficiency laws.

17. On or about June 1, 2010 Plaintiff stopped making payments on his loans with SunTrust; who had either purchased the debt was acting as the mortgage servicer.

18. Plaintiff listed the Property for sale in 2010 in attempt to sell the home via short sale and maximize the possible recovery for SunTrust.

19. On or about January 11, 2011, Plaintiff submitted a contract for sale of the home totaling $74,000.00.

20. Rather than accept this sale, SunTrust chose to foreclose on the property on January 20, 2011.

21. The property sold at Trustee's sale for $53,401.00; more than $20,000.00 less than the short sale offer.

COMPLAINT                                          5

22. By foreclosing on the Property via Trustee sale, SunTrust elected to forego any rights to collect on the deficiency balance related to the mortgages pursuant to Arizona Revised Statute §33-814(G).

23. Unbeknownst to Plaintiff, SunTrust began illegally reporting the debt on Plaintiff's credit report as a Charge Off and continued to do so every month following the foreclosure.

24. In or around March of 2015 Plaintiff applied for a conventional mortgage refinance on his current home at a significantly higher interest rate than the current market rates; that application was denied.

25. Plaintiff, at that time, learned of the inaccurate reporting by SunTrust.

26. On or about July 9, 2015, in an effort to correct the inaccurate information, Plaintiff sent a dispute letter to all of the Defendants.

27. The Dispute letters explained that the home had been foreclosed on in January of 2011 and further explained that there could be no late reporting after that date.

28. In one such letter to Experian, Plaintiff forewarned that he had already communicated with an attorney and that the failure to correctly report the trade line would result in litigation as the reporting was harming Plaintiff.

COMPLAINT                                          6

29. Despite the detailed information provided to Defendants, no changes were made; except that Experian and Trans Union further updated the payment history on Plaintiff's credit report to indicate the debt was a "Charge-Off" as of June/July 2015; 4 years after the foreclosure had occurred.

30. The reporting by Defendants has caused Plaintiff to receive two mortgage loan denials and further has caused Plaintiff severe emotional distress and mental anguish.

### FIRST CAUSE OF ACTION
**All Defendants**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The FCRA requires a furnisher such as SunTrust, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. From in or around January 2011 until the Present, SunTrust has provided inaccurate information to the credit reporting agencies.

34. During that time, Plaintiff notified Defendants that the reported payment history was inaccurate. Thereafter, the credit reporting agencies notified Defendant SunTrust that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

35. Plaintiff also notified SunTrust directly of the errors.

36. Defendant SunTrust violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

    (a)    Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b)    Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

    (c)    Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    (d)    Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (e)    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and

        all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  (f)    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiff to the credit reporting agencies; and

  (g)    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

37. Defendant SunTrust's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

38. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file

COMPLAINT        9

within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

39. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

40. The Defendant, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

41. The Defendant, credit-reporting agencies, failed to review and consider all relevant information submitted by Plaintiff.

42. The Defendant, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

43. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

COMPLAINT                                             10

44. The Defendant, credit-reporting agencies, violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## SECOND CAUSE OF ACTION
### Defendant SunTrust
### Violations of the FDCPA, 15 USC 1692 *et. seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e. Furthermore, a debt collector will be found in violation if the following conduct is determined: a false representation of "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(a).

47. From the date of January 2011 until the present, Defendant SunTrust continues to report a Charge-Off to all three major credit reporting agencies.

48. Defendant SunTrust's reporting of the balance was a false representation of amount and legal status of the debt.

49. Defendant SunTrust's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive

COMPLAINT 11

damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 16th day of October, 2015,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*
David A. Chami
*Attorney for Plaintiff Nicholaus Fischer*