1    **WO**                                NOT FOR PUBLICATION

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Nicholaus Fischer,                        No. CV-15-02075-PHX-JJT

10                        Plaintiff,            **ORDER**

11   v.

12   SunTrust Mortgage Incorporated, *et al.*,

13                        Defendants.

14   _____

15         At issue is Defendant SunTrust Mortgage, Inc.'s (SunTrust) Motion to Dismiss

16   (Doc. 19, MTD), to which Plaintiff Nicholaus Fischer filed a Response (Doc. 23, Resp.)

17   and SunTrust filed a Reply (Doc. 38, Reply). For the reasons that follow, the Court will

18   deny the Motion in part and grant it in part.

19   **I.      BACKGROUND**

20         When analyzing a complaint for failure to state a claim for relief under Federal

21   Rule of Civil Procedure 12(b)(6), the Court accepts as true Plaintiff's non-conclusory,

22   material allegations in the Amended Complaint and construes them in the light most

23   favorable to Plaintiff. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th

24   Cir. 2002) (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588

25   (9th Cir. 1996)). Plaintiff alleges the following in his Amended Complaint.[1] (Doc. 30,

26   Am. Compl.)

27   _____

28          [1] The parties filed a Stipulation to Amend Complaint (Doc. 22) to correct the name
     of Defendant "Equifax, Inc." to "Equifax Information Services, LLC," and the Court
     granted the Stipulation (Doc. 27). In this Order, the Court cites the Amended Complaint

SunTrust is a mortgage company that offers servicing, origination, and transaction-based real estate services. (Am. Compl. at 2.) Plaintiff purchased a home in 2007, and Crestar Mortgage provided the original mortgage on the home. (Am. Compl. at 4–5.) Later, SunTrust either purchased the debt or began acting as the mortgage servicer. (Am. Compl. at 5.) On or about June 1, 2010, Plaintiff stopped making payments on his loans with SunTrust, and on January 20, 2011, SunTrust foreclosed on Plaintiff's property via Trustee Sale. (Am. Compl. at 5.) SunTrust then began inaccurately reporting the debt on Plaintiff's credit report and to credit reporting agencies (the Agencies) as a "charge off." (Am. Compl. at 6.) Plaintiff did not learn that SunTrust was reporting the charge off until around March 2015. (Am. Compl. at 6.)

In July 2015, Plaintiff sent dispute letters to SunTrust and the Agency Defendants in this lawsuit notifying them of the inaccurate reporting. (Am. Compl. at 6.) The Agencies notified SunTrust that Plaintiff was contesting the information SunTrust provided to them. (Am. Compl. at 8.) SunTrust made no attempt to investigate the dispute raised by Plaintiff and continued reporting Plaintiff's mortgage as a charge off. (Am. Compl. at 8.)

In his Amended Complaint, Plaintiff alleges two claims against SunTrust: (1) negligent and willful violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1671 *et seq*. (Am. Compl. at 7–11); and (2) violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (Am. Compl. at 11–12.) SunTrust now moves to dismiss both claims.[2]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule

---

as there is no material difference between the Complaint (Doc. 1) and the Amended Complaint (Doc. 30).

[2]  The Agencies TransUnion LLC and Experian Information Solutions Incorporated have been dismissed from this action. The only remaining Agency is Equifax Information Services LLC; it has not taken a position as to this Motion.

12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

## III.    ANALYSIS

### A.    FCRA Claim

The FCRA regulates creditors and other entities who furnish credit information to the Agencies. 15 U.S.C. § 1681s–2. Under the FCRA, furnishers must report accurate

information to the Agencies and must investigate a consumer's dispute about reported information when an Agency notifies a furnisher of a dispute. § 1681s–2(a), (b). Upon receiving notice, a furnisher has a statutory duty to investigate and correct the information, if necessary. § 1681s–2(b). If a furnisher fails to investigate, respond to, or correct the disputed information, then the FCRA provides a private right of action for the affected individual to sue the furnisher. *See id.*; § 1681n, o; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

Although the FCRA prohibits furnishers from providing inaccurate information to the Agencies, it does not provide a private right of action to individuals for violations of that provision. *See* § 1681s–2(a); *Nelson*, 282 F.3d at 1059 (stating only federal or state officials may bring actions for § 1681s–2(a) violations). Under the statute, private actions for violations of the FCRA brought under § 1681o must address conduct violating § 1681s–2(b) as opposed to 2(a).

SunTrust argues Plaintiff's pleadings are insufficient because they fail to allege: (1) any recognized cause of action under the FCRA; (2) any inaccurate reporting; (3) facts that give rise to a duty for SunTrust to investigate Plaintiff's dispute; and (4) that SunTrust failed to investigate, or unreasonably investigated, Plaintiff's dispute. (MTD at 5–9.) Should those arguments fail, SunTrust asserts that at least Plaintiff's claim for willful violations should be dismissed because Plaintiff does not plead any facts showing knowing or reckless conduct. (MTD at 9–10.)

### 1.     Negligent Violation of the FCRA

Plaintiff claims SunTrust negligently violated the FCRA when it reported his foreclosed mortgage as a charge off to the Agencies and failed to investigate or correct the misreporting after receiving notification of the error. (Am. Compl. at 8–9.)

### a.     Recognized Cause of Action Under the FCRA

SunTrust argues that the Court must dismiss Plaintiff's claim because he only alleges that SunTrust inaccurately reported information under § 1681s–2(a), which is not privately actionable under the FCRA. (MTD at 5–6.) However, contrary to SunTrust's

contention, Plaintiff also alleges that SunTrust failed to investigate and correct the inaccurate reports after the Agencies notified it of Plaintiff's dispute. (Am. Compl. at 8.) Further, the Amended Complaint cites both § 1681s–2(a) and (b) (Am. Compl. at 8), and Plaintiff alleges conduct that is only prohibited under § 1681s–2(b) (Am. Compl. at 8). Thus, Plaintiff alleges a recognized cause of action under § 1681s–2(b) of the FCRA.

### b.    Allegations of Inaccurate Reporting

SunTrust also argues that the Court must dismiss Plaintiff's claim because it fails to plausibly allege that SunTrust's reporting of the debt is inaccurate or unlawful. (MTD at 6–7.)

To the extent Plaintiff claims that SunTrust's Reporting of the subject debt is unlawful because it cannot report, in any form, that Plaintiff had a debt he did not honor, that claim is foreclosed and subject to dismissal, as the law does not preclude accurate reporting of the debt.[3] But whether or not Plaintiff predicates his claim on the above

---

[3] Plaintiff notes that Arizona's anti-deficiency statute, A.R.S. § 33–814(G), renders any deficiency remaining on his mortgage uncollectable. From that he urges that § 33-814(G) prohibits any reporting of that deficiency, including reporting as a charge off, on his credit report after foreclosure. (Am. Compl. at 6.) In response, SunTrust asserts Arizona's anti-deficiency statute only prevents creditors from bringing deficiency actions to hold the debtor personally responsible for paying any remaining debt after applying the proceeds of the foreclosure, but does not completely erase the existence of the debt. (MTD at 6–7.)

The Arizona legislature intended the anti-deficiency statute to prevent lenders from judicially pursuing any collateral, other than the qualifying residential home, to satisfy a deficiency remaining after a foreclosure. *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 340 P.3d 1071, 1073 (Ariz. 2015). The statute is silent as to restrictions or requirements for reporting an uncollectable deficiency to the Agencies after foreclosure, and there appears to be no Arizona case law addressing this issue. But California has an anti-deficiency statute nearly identical to Arizona's. Cal. Civ. Proc. Code § 580(b). And Defendant has identified case law from federal district courts in California concluding that statute does not preclude the accurate reporting of debt covered by the anti-deficiency statute. *See Murphy v. Ocwen Loan Servicing*, LLP, No. 2:13-CV-0555-TLN-EFB, 2014 WL 651914, at *5 (E.D. Cal. Feb. 19, 2014). While this out-of-district case has no precedential value, its reasoning and result are wholly persuasive. The purpose of credit reporting is to provide potential lenders and service providers information on the risk levels associated with potential borrowers or customers. Even where an anti-deficiency statute has operated to render a defaulted mortgage debt

argument, the claim is based on the additional theory that SunTrust's reporting was unlawful because it was *inaccurate*. The Amended Complaint focuses on SunTrust's "illegally reporting the debt on Plaintiff's credit report *as a Charge Off*" and continuing to do so monthly following the foreclosure. (Am. Compl. at 6)(emphasis added). Plaintiff also contends SunTrust violated § 1681s–2(b) by failing to update or add any notice to his credit report that he disputed the reporting, and incorrectly reporting the balance of that debt. (Am. Compl. at 6–7, 11.)

That the FCRA claim should be understood as based on allegations of inaccurate reporting is further supported by the argument in Plaintiff's Response. (Doc. 23.) The gravamen of Plaintiff's argument on pages eight through ten of the Response is precisely this – that the term "charge-off," as used in SunTrust's report concerning Plaintiff, does not comport with the standard definition of the term within the industry and therefore inaccurately represents the status of Plaintiff's debt.

Whether there is a standard definition of "charge off" in the credit reporting industry, whether SunTrust used the term inconsistently with it, and whether any such inconsistency amounts to inaccurate reporting within the meaning of FCRA, are matters for another day, but taking Plaintiff's allegation as true for purposes of this Motion, as the Court must, Plaintiff has stated a claim under FCRA on which relief may be granted. Defendant could have violated the FCRA by inaccurately reporting the debt and or by failing to investigate upon receipt of the dispute and continuing to report a disputed debt without any notation of the dispute. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1164 (9th Cir. 2009) (finding "[a] disputed credit file that lacks a notation of dispute may well be 'incomplete or inaccurate' within the meaning of the FCRA, and the furnisher has a privately enforceable obligation to correct the information after notice"); *Samuelson v. Green Tree Servicing, LLC*, No. CV-13-00656-PHX-DGC, 2013 WL

---

uncollectible, the fact that a borrower defaulted on that debt and the circumstances of that default is highly relevant information to potential lenders.

5634110, at *2 (D. Ariz. Oct. 15, 2013). Plaintiff's Amended Complaint sufficiently pleads a violation of the FCRA under § 1684s–2(b).

### c.    Duty to Investigate

SunTrust also argues Plaintiff fails to allege sufficient facts showing the Agencies, rather than just Plaintiff, reported the dispute to SunTrust, and thus SunTrust was under no obligation to investigate. (MTD at 7–8.) However, Plaintiff clearly alleges the Agencies, not just Plaintiff, reported the dispute to SunTrust so SunTrust's argument has no merit. (Am. Compl. at 8.)

### d.    Failure to Investigate

SunTrust contends the Court must dismiss Plaintiff's FCRA claim because he does not sufficiently allege that SunTrust failed to conduct a reasonable investigation of Plaintiff's dispute. (MTD at 8–9.) Plaintiff alleges that despite receiving notification and supporting details of the dispute, SunTrust took no action and made no changes to the reported information. (Am. Compl. at 6–8.) Specifically, Plaintiff alleges SunTrust failed to notify him or the Agencies with the results of the investigation it conducted, if any. (Am. Compl. at 8.)

SunTrust cites several cases in support of its argument that Plaintiff's Amended Complaint fails to state a valid claim. *See Gorman*, 584 F.3d at 1153; *O'Connor v. Capital One, N.A.*, No. CV-14-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014); *Berberyan v. Asset Acceptance, LLC*, No. CV 12-4417-CAS(PLAX), 2013 WL 1136525, at *5 (C.D. Cal. Mar. 18, 2013); *Iyigun v. Cavalry Portfolio Services, LLC*, No. CV-12-8682, 2013 WL 93114, at *1 (C.D. Cal. Jan. 8, 2013).

None of the cases SunTrust cites justify dismissal here. *O'Connor* and *Iyigun* turned on pleadings devoid of the details Plaintiff provides in his Amended Complaint. *See* 2014 WL 2215965, at *2 (discussing plaintiff's repetitious and disorganized complaint that was largely copied and pasted sections of the underlying statutes); 2013 WL 93114, at *1–2 (characterizing plaintiff's allegations as conclusory recitations of the elements of the FCRA claim without any specific relation to any single defendant).

Unlike those cases, Plaintiff's Amended Complaint provides sufficient detail to give notice to SunTrust regarding the necessary investigation. In *Berberyan*, the defendant responded to the plaintiff's dispute and noted the dispute on the plaintiff's credit report, and the plaintiff failed to plead any additional facts suggesting that the defendant's investigation was unreasonable. 2013 WL 1136525, at *5. By contrast, here, Plaintiff alleges specific inaccuracies with SunTrust's reporting, indicates that he did not receive any response from SunTrust regarding his dispute, and alleges that his credit report remained unchanged at the time he filed his Amended Complaint.

Also in contrast to the current case, *Gorman* was decided on a motion for summary judgment, not a motion to dismiss. 584 F.3d at 1151. At that stage, the plaintiff had the opportunity to pursue discovery and the burden of showing the defendant's failure to reasonably investigate the dispute. Plaintiff is positioned differently and has not yet had the benefit of discovery, nor does he bear the burden that exists at summary judgment. On a motion to dismiss, Plaintiff's allegations that the Agencies notified SunTrust of the dispute, that SunTrust failed to complete any investigation, and that SunTrust failed to respond to both Plaintiff and the Agencies after Plaintiff sent dispute letters, is sufficient factual content that allows the Court to draw the reasonable inference that SunTrust is liable for the misconduct alleged. *See Gorman*, 584 F.3d at 1163; *Warring v. Green Tree Servicing LLC*, No. CV-14-0098-PHX-DGC, 2014 WL 2605425, at *3 (D. Ariz. June 11, 2014); *Samuelson*, 2013 WL 5634110, at *2.

Plaintiff's negligent violation of the FCRA claim survives SunTrust's Motion to Dismiss.

### 2.    Willful Violation of the FCRA

Plaintiff also alleges that SunTrust's FCRA violations are willful. (Am. Compl. at 8–9.) Willful violations of the FCRA occur when the defendant acts with actual knowledge or with reckless disregard as to whether its conduct violates the Act. § 1681n; *Safeco Ins. Co., v. Burr*, 551 U.S. 47, 57 (2007). Conditions of the mind, such as knowledge, may be alleged generally at the pleading stage. Fed. R. Civ. P. 9(b).

SunTrust argues Plaintiff's Amended Complaint lacks any facts that would allow an inference of knowing or reckless violations. (MTD at 9–10.) SunTrust contends its conduct cannot be reckless because *Safeco* establishes that SunTrust's actions must be objectively unreasonable in light of a clearly established legal rule to rise to the level of reckless misconduct, and reporting Plaintiff's foreclosed mortgage as a charge off, even if incorrect, is not objectively unreasonable as a matter of law. (MTD at 9–10.) Plaintiff alleges, however, that SunTrust, after receiving notice of Plaintiff's dispute from the Agencies, willfully failed to follow clear statutory provisions requiring it to reasonably investigate Plaintiff's disputes. (Am. Compl. at 7–9.)

Taking Plaintiff's allegations as true, the Court finds he has plausibly pled a willful violation by alleging SunTrust failed to conduct any investigation, because failing to do so would be objectively unreasonable in light of the clearly established statute requiring furnishers to reasonably investigate upon receiving notification of a dispute from an Agency. *See* § 1681s–2(b); *Safeco*, 551 U.S. at 69–70. Unlike in *Safeco*, where the lower court ruled on a motion for summary judgment, the Court does not consider the reasonableness of SunTrust's interpretation of the FCRA and its actions, but rather whether Plaintiff adequately pled a willful violation. *See Safeco*, 551 U.S. at 52; *Haley v. TalentWise, Inc*., No. C13-1915, 2014 WL 1648480, at *2 (W.D. Wash. Apr. 23, 2014).

SunTrust also cites *Long v. Tommy Hilfiger U.S.A., Inc.,* 671 F.3d 371 (3d Cir. 2012) in support of its argument. However, *Long* fails to justify dismissal because the alleged violation in that case was not clearly prohibited by the statutory text. By contrast, in *Haley*, the court refused to dismiss the willfulness count on facts similar to those here because the objective reasonableness of the defendant's interpretation of the statute could not be decided as a matter of law. 2014 WL 1648480, at *2. Thus, Plaintiff's allegations are sufficient to state a plausible claim for a willful violation of the FCRA.

**B.    FDCPA Claim**

The FDCPA applies only to debt collectors who engage in practices prohibited by the Act in an attempt to collect a consumer debt. *Mansour v. Cal-Western Reconveyance*

*Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Congress defined "debt collector" under the FDCPA to include, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6); *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1188 (D. Ariz. 2009), *aff'd*, 384 F. App'x. 609 (9th Cir. 2010).

SunTrust argues Plaintiff fails to allege facts to support an inference that SunTrust is a debt collector under the FDCPA. (MTD at 10–12.) Plaintiff alleges SunTrust is a mortgage servicer who engages in the practice of collecting debt (Am. Compl. at 2), and that SunTrust serviced or purchased Plaintiff's mortgage prior to foreclosure (Am. Compl. at 5). Plaintiff also states that SunTrust proceeded with a non-judicial foreclosure by foreclosing on the property via Trustee Sale. (Am. Compl. at 6; Resp. at 8.)

The Ninth Circuit has not explicitly addressed the issue of whether mortgagees and their assignees are "debt collectors" and whether non-judicial foreclosure actions constitute debt collection under the FDCPA. *See Diessner*, 618 F. Supp. 2d at 1188. Other circuits, and district courts in this circuit, have held that mortgagees and their beneficiaries are not debt collectors subject to the FDCPA. *See id*; *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). District courts have also held that "the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA." *See Diessner*, 618 F. Supp. 2d at 1189 (citing *e.g.*, *Mansour,* 2009 WL 1066155 at *2; *Gallegos v. Recontrust Co.,* No. CV-08-2245 WQH (LSP), 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); *Castro v. Exec. Tr. Servs., LLC,* No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D. Ariz. Feb. 23, 2009)).

Here, Plaintiff does not allege that he was in default when SunTrust began servicing his mortgage, but rather argues that SunTrust engaged in a non-judicial foreclosure. He points to no authority supporting the position that SunTrust, who took over Plaintiff's mortgage for servicing, is a "debt collector" or that a non-judicial

foreclosure constitutes the collection of a debt subject to the FDCPA. The Court is guided by the case law discussed and, in the absence of any contrary authority, the Court will dismiss Plaintiff's claim under the FDCPA. *See Diessner*, 618 F. Supp. 2d at 1188–89; *Mansour*, 618 F. Supp. 2d at 1182.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Courts have held that in a situation like the present case – where the defendant is a mortgagee or beneficiary who proceeded with non-judicial foreclosure – the defendant is not considered a debt collector subject to the FDCPA and Plaintiff cannot cure his Amended Complaint where his claim is legally barred. Accordingly, Plaintiff is not entitled leave to amend his Amended Complaint as to his FDCPA claim, and that claim is dismissed with prejudice.

## V.  CONCLUSION

Plaintiff alleges sufficient facts to survive SunTrust's Motion to Dismiss as to his negligent and willful FCRA claims. The Court dismisses Plaintiff's FDCPA claim with prejudice.

**IT IS THEREFORE ORDERED** granting in part and denying in part SunTrust's Motion to Dismiss (Doc. 19). Plaintiff's Second Cause of Action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that SunTrust shall file an Answer to the First Cause of Action in the Amended Complaint within 14 days of the date of entry of this Order.

Dated this 10th day of May, 2016.

Honorable John J. Tuchi
United States District Judge